MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
LILITH V. XARA, ESQ.
Nevada Bar No. 13138
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  melanie.morgan@akerman.com
Email:  scott.lachman@akerman.com
Email:  lilith.xara@akerman.com

*Attorneys for Bank of America, N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SUET F. WONG,<br><br>                    Plaintiff,<br><br>v.<br><br>NIGHT SWIM LANE TRUST; BANK OF AMERICA HOME LOANS; and SABLES, LLC, et al.,<br><br>                    Defendants. | Case No.:  2:22-cv-01985-APG-DJA<br><br>**MOTION FOR AN EXTENSION OF THE DEADLINE TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**(FIRST REQUEST)** |

Pursuant to LR IA 6-1, defendant Bank of America, N.A. (**BANA**) moves this court for an extension of time to file its reply supporting its motion to dismiss, and states as follows:

1. On November 29, 2022 plaintiff filed his complaint in the United States District Court, District of Nevada. **[ECF NO. 1]**.

2. A lis pendens, and the summons were filed on the same date. **[ECF NOS. 2, 3]**.

3. On November 29, 2022, the court issued its "Advisory Letter Pro Se non-habeas," which stated among other things that:

> **Service:** If you are granted in forma pauperis status, the Court will order service upon defendants when it is time to do so. If you are not proceeding in forma pauperis or are denied in forma pauperis status, you are responsible for service of process upon defendants and all costs related to such service.

68191584;1

**Repetitive Motions:** Filing multiple motions requesting the same relief is a litigation tactic that strains the resources of the Court and generally delays a decision in the case. The Court may impose sanctions on parties who engage in such litigation tactics.

**[ECF NO. 4]**.

4. On December 21, 2022 plaintiff filed a "proof of service," attaching a blank form other than stating the fees were "0.00," and a signature. Attached to this form was a certified mail receipt to "BAC Home Loan" which did not indicate which documents were mailed. **[ECF NO. 5]**.

5. On December 28, 2022 BANA filed its motion to dismiss. **[ECF NO. 6]**.

6. On the same day, BANA filed its notice of related cases, noting that this is the ninth lawsuit filed by plaintiff involving the same property. **[ECF NO. 7]**.

7. On January 4, 2023 plaintiff filed its response in opposition to BANA's motion to dismiss. **[ECF NO. 10]**.

8. BANA's reply supporting its motion to dismiss is currently due on **January 11, 2023**.

9. By this motion, BANA requests an extension of seven (7) days up to and including **January 18, 2023** to file its reply brief.

10. Good cause exists for the requested short extension. Unexpected communication delays have taken place between counsel for BANA and its client regarding the final approval of the reply brief for filing. Counsel expects to get approval before the expiration of the seven days and will file the reply brief as soon as possible.

11. Plaintiff will not be prejudiced by the requested extension. This is merely the latest in nine actions brought by the plaintiff regarding this property—since 2011. A seven day delay on the briefing schedule is minimal compared to the history of the continued litigation. Even absent the prior litigation history, there is no looming deadlines negatively impacting plaintiff for this brief delay compared to the prejudice that would suffer BANA not being able to file a reply brief.

12. At 8:05 a.m. counsel for BANA, Scott Lachman, Esq. sent a text message to plaintiff requested the extension and asked for a response due to the timing. **[Ex. A]**. There was no response to this text message.

13. At 9:19 a.m. Scott Lachman, Esq. sent an email to plaintiff again requesting an answer on the extension of time. **[Ex. B]**. There was no response to this email.

14. At 11:50 a.m. undersigned counsel called plaintiff on the telephone. The call was answered and the matter discussed. The phone call was somewhat unclear due to a language barrier between undersigned counsel and plaintiff.

15. To remedy this, undersigned counsel asked plaintiff to respond to a second text message indicating whether or not plaintiff would agree to the extension.

16. At 11:56 a.m. undersigned counsel send a text message again. **[Ex. C]**.

17. Shortly thereafter plaintiff responded, stating: "No extension thank you." *Id.*

18. Undersigned counsel believes the correspondences comply with the requirements under LR IC 5-1.

19. This is BANA's first request for an extension of this deadline and is not intended to cause any delay or prejudice to any party.

BANA requests the court to enter an order extending its deadline to reply in support of its motion to dismiss until **January 18, 2023**. BANA does not include a court signature block pursuant to LR IA 6-2 because it appears that plaintiff, who would not agree to a stipulated extension may file an opposition.

DATED this 11th day of January, 2023.

AKERMAN LLP

/s/ *Lilith Vala Xara*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
LILITH V. XARA, ESQ.
Nevada Bar No. 13138
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

*Attorneys for Bank of America, N.A.*

IT IS SO ORDERED:

Dated: January 12, 2023

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3

68191584;1