UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUET F. WONG, | Case No.: 2:22-cv-01985-APG-DJA |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 6] |
| NIGHT SWIM LANE TRUST, et al., | |
| Defendants | |

Plaintiff Suet Wong sues Bank of America Home Loans, Night Swim Lane Trust, and Sables, LLC for various claims arising out of the foreclosure of property located at 5402 Night Swim Lane in Las Vegas. Bank of America, N.A. has appeared in this action and stated that it is "erroneously identified as Bank of America Home Loans." ECF No. 6 at 1. Wong does not dispute that the correct defendant has appeared in this case. I therefore will direct the clerk of court to correct the caption.

Bank of America moves to dismiss, arguing that Wong's claims are barred by claim and issue preclusion. Alternatively, it argues that the complaint fails to state a claim. Bank of America also requests that I expunge the lis pendens, declare Wong a vexatious litigant, and enter final judgment in its favor under Federal Rule of Civil Procedure 54(b).

Wong responds that the present lawsuit is not precluded because she could not have brought her claims earlier given that she only recently discovered the information on which her claims are based. She contends she first learned of her claims in March 2021 when she received an audit performed by a private investigator. Alternatively, she requests leave to amend. She argues she is not vexatious because although she has sued Bank of America in relation to this property in the past, "the litigation has not been abusive or harassing." ECF No. 10 at 7.

### A. Claim Preclusion

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). If a prior federal judgment was in a case where jurisdiction was based on a federal question, then I look to federal common law rules on preclusion. *Id.* Federal common law also "governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity," but the federal common law rule is to apply "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).

In its motion, Bank of America relies on a prior case from this court as precluding relitigation in this case: *Wong v. Countrywide Home Loans, Inc.*, 2:15-cv-01398-JCM-VCF (*Wong 2015*).[1] Although Bank of America contends that I should look to Nevada claim preclusion principles, *Wong 2015* was based on federal question jurisdiction. *Wong 2015*, ECF No. 1 at 2.[2] I therefore look to federal common law preclusion principles. Under that law, claim preclusion "bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action." *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (simplified). Claim preclusion bars Wong's claims in this case if *Wong 2015* (1) "involved the same claim or cause of action" as this case, (2) "reached a final judgment on the merits, and (3) involved identical parties or privies." *Id.* at 1020-21 (quotation omitted). Bank of America bears the burden of establishing that preclusion applies. *Id.* at 1021.

---

[1] Although Bank of America identifies several other cases Wong has filed related to this property, Bank of America argues in its motion only two cases that have preclusive effect: *Wong 2015* and *Wong v. National Default Servicing Corporation*, 2:22-cv-00853-CDS-NJK (*Wong 2022*). Because *Wong 2015* precludes Wong's claims in this case, I need not address other cases.

[2] The *Wong 2015* complaint also asserted diversity jurisdiction, but the complaint alleged that Wong was a Nevada citizen and Wong sued the Clark County Recorder, so there was not complete diversity. *Id.* at 2-3, 5.

Wong sued Bank of America in 2015 in relation to this same property and deed of trust, and that case reached a final judgment on the merits when Judge Mahan dismissed Wong's claims against Bank of America with prejudice. *Wong 2015*, ECF No. 29. Wong did not appeal, and that judgment has been final since 2016.

Wong appears to argue that her claims against Bank of America in this case could not have been brought in the prior case because Wong did not discover the claims until a 2021 audit of the deed of trust and related documents. However, Wong raised or could have raised similar claims in *Wong 2015*. In that case, Wong challenged the securitization of her loan and various assignments of the note and deed of trust, robosigning, and separation of the note and deed of trust. *Wong 2015*, ECF No. 1. In his order dismissing Wong's complaint with prejudice, Judge Mahan ruled that (1) Wong lacked standing to challenge the securitization and assignments of her mortgage and (2) any splitting of the note is curable by reunification. *Wong 2015*, ECF No. 29. Here, Wong claims that the deed of trust she signed is incomplete, the defendants falsified her income to approve her loan, the assignments of the deed of trust were invalid, the securitization voided the interest in the note, and the note and deed of trust were irreparably separated. ECF No. 1. Wong's claims against Bank of America in both suits arise out of the "same transactional nucleus of facts" related to her loan and deed of trust, securitization, and subsequent assignments, all of which took place before Wong initiated *Wong 2015*. *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (quotation omitted); *see also* ECF No. 1 at 57; *Wong 2015*, ECF No. 1. Wong's claims against Bank of America therefore are claim-precluded, and I grant Bank of America's motion to dismiss. Because amendment would be futile as against Bank of America, I deny Wong's request for

leave to amend. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) ("Leave to amend need not be granted . . . where the amendment would be futile.").

**B.  Other Requested Relief**

In its motion to dismiss, Bank of America requests that I expunge the lis pendens, direct entry of final judgment on Wong's claims against Bank of America under Federal Rule of Civil Procedure 54(b), and declare Wong a vexatious litigant.  Bank of America did not file motions for each of these types of relief as required under Local Rule IC 2-2(b), and the requests in the motion are conclusory.  I therefore deny them without prejudice.  If Bank of America wants the requested relief, it must file a motion for each type of relief and properly support each request.

**C.  Conclusion**

I THEREFORE ORDER the clerk of court to correct the caption to correctly identify defendant Bank of America Home Loans as Bank of America, N.A.

I FURTHER ORDER that defendant Bank of America, N.A.'s motion to dismiss **(ECF No. 6) is GRANTED**.  Plaintiff Suet Wong's claims against Bank of America Home Loans are DISMISSED with prejudice.

DATED this 3rd day of May, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4