UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUET F. WONG, | Case No.: 2:22-cv-01985-APG-DJA |
| Plaintiff | **Order** |
| v. | |
| NIGHT SWIM LANE TRUST, et al., | |
| Defendants | |

    Plaintiff Suet Wong sues Bank of America Home Loans, Night Swim Lane Trust, and Sables, LLC for various claims arising out of the foreclosure of property located at 5402 Night Swim Lane in Las Vegas. On April 4, 2023, Wong was advised by the court that her claims against defendants Night Swim Lane Trust and Sables, LLC would be dismissed without prejudice unless by May 4, 2023, Wong either filed proper proof of service or showed good cause why such service was not timely made. ECF No. 16.

    Wong thereafter filed a certified mail receipt (with no signed return) addressed to Michael Bohn, Esq. This does not suffice to show service on Night Swim or Sables for a variety of reasons. First, service cannot be accomplished by certified mail. Under Federal Rule of Civil Procedure 4(h)(1), a corporation or association must be served in the manner that individuals are served under Rule 4(e)(1) or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Individuals may be served by: (1) following the laws governing service of process in the state where the district court is located or where service is made; or (2) delivering a copy of the summons and complaint to the individual personally, an authorized agent, or a person of suitable age and discretion residing with the individual. *See* Fed. R. Civ. P.

4(e).  Nevada law requires personal service of the summons and complaint to individuals by any of these same personal delivery methods authorized, but not regular or certified mail. Nev. R. Civ. P. 4(d)(6).  Consequently, a plaintiff cannot serve a defendant by certified mail under either federal or Nevada law.  Wong's attempt to serve Night Swim and Sables by certified mail therefore was defective. *See, e.g.*, *Johnson v. Clark Cty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016); *Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-CV-00918-RFB-CWH, 2014 WL 6634821, at *2-3 (D. Nev. Nov. 21, 2014). Additionally, under Rule 4(l)(1), "[u]nless service is waived, proof of service must be made to the court," and unless a United States marshal effectuates service, then "proof must be by the server's affidavit."  Wong has not provided the server's affidavit.

Second, there is no information as to why Wong addressed the mail to Michael Bohn, what relation he has to the two entities, and whether he is authorized to accept service on their behalf.  Finally, there is no indication of what was mailed.  The defendants must be served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

If proper service is not timely made, I "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  I will grant Wong a final opportunity to properly serve these defendants.

I THEREFORE ORDER that plaintiff Suet Wong has until June 5, 2023 to properly serve defendants Night Swim Lane Trust and Sables, LLC and file proof of such service in the court docket.  Failure to file proof of proper service by that date will result in dismissal of these two defendants without prejudice.

DATED this 8th day of May, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2